UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | ) Case No.: 1:13-cv-01717- JLT<br>)<br>) ORDER DIRECTING CLERK TO ISSUE<br>) SUMMONS AND SOCIAL SECURITY CASE<br>) DOCUMENTS<br>)<br>) ORDER DIRECTING UNITED STATES<br>) MARSHAL FOR SERVICE OF THE FIRST<br>) AMENDED COMPLAINT<br>)<br>) (Doc. 5) |

Ben Smith ("Plaintiff") seeks to proceed *in forma pauperis* with an action for judicial review of a determination of the Social Security Administration denying his application for benefits. On November 18, 2013, Plaintiff filed his First Amended Complaint (Doc. 5), which is now before the Court for screening.

**I.　　Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.     Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give a defendant fair notice of the claims against him, and the grounds upon which the action stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks, citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* Leave to amend a complaint should be granted where deficiencies can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

## III.    Jurisdiction

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 5.) The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Except as provided, "[n]o findings of fact or decision of the Commissioner shall

be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).  These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Cogburn v. Astrue*, 2013 U.S. Dist. LEXIS 152351, at * 5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler,* 811 F.2d 1274, 1277 (9th Cir.1987)).  The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed.  *Id.*

## IV.     Discussion and Analysis

According to Plaintiff, the Appeals Council denied his request for review of the decision rendered by the administrative law judge on July 9, 2013, at which time the decision became the final decision of the Commissioner.  (Doc. 5 at 2.)  Plaintiff's counsel requested the Appeals Council grant an extension of time of thirty days to file a civil action on September 4, 2013.  (*Id.*)  The Appeals Council granted this request on September 5, 2013, extending the time Plaintiff could file a civil action for 30 days from the date the letter was received.  (Doc. 5, Exh. 2.)

Because Plaintiff initiated this action on October 2, 2013 (Doc. 1), his complaint for judicial review was made within the additional time allotted by the Appeals Council.  Consquently, Plaintiff's complaint was timely, and the Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).

## V.     Conclusion and Order

Plaintiff's First Amended Complaint states a cognizable claim for judicial review of the decision denying his request for Social Security benefits.  Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Clerk of Court is DIRECTED to issue summons as to the defendant Carolyn Colvin, Acting Commissioner of Social Security;
2. The Clerk of Court is DIRECTED to issue and serve Plaintiff with Social Security Case Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-285 Forms;
3. Plaintiff **SHALL** complete and submit to the Court the "Notice of Submission of Documents in Social Security Appeal Form;" and

4.     The U.S. Marshal is DIRECTED to serve a copy of the First Amended Complaint (Doc. 5), summons, and this order upon the defendant as directed by Plaintiff in the USM Forms.

IT IS SO ORDERED.

Dated: **November 19, 2013**             **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE